**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XINHUA WU, | No. 21-1264 |
| Petitioner, | Agency No. A213-085-134 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Xinhua Wu, a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' (BIA)

decision affirming the Immigration Judge's (IJ) denial of his claims for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT)

based on an adverse credibility finding. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we deny the petition.

The agency's adverse credibility determination is reviewed for substantial evidence "[t]aking the totality of the circumstances into account." *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). We may reverse only if the record evidence compels the conclusion that Wu was credible. *See, e.g.*, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Furthermore, a "healthy measure of deference" is owed to the agency's credibility determinations. *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). Wu therefore bears "a substantial burden" to show the BIA's denial of relief on adverse credibility grounds should be reversed. *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021).

The agency "properly considered the totality of the circumstances and supported [the] adverse credibility determination with specific and cogent reasons." *Manes v. Session*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Wu fails to demonstrate the record compels a contrary result.

1.     The agency found Wu not credible, in part, because he gave contradictory testimony about what he told Chinese authorities while he was detained. This inconsistency is supported by the record, and as the agency noted, it is made more significant because Wu has provided knowingly false information to immigration authorities in the past. Wu argues that this contradiction is not an inconsistency, but rather an omission. This contention is belied by the record, and Wu does not explain why the difference between an omission and an inconsistency is dispositive when analyzing an adverse

2

credibility determination. *See Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020) (explaining that, while omissions are generally "less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," the agency may nonetheless "rely on omissions when evaluating an applicant's credibility" (internal quotation marks and citations omitted)). Wu also argues that his explanation for this inconsistency—that the interrogation was conducted years earlier and that he was knocked unconscious while being interrogated—is reasonable, but that explanation is untenable and the agency was not required to credit it. *See Zamanov v. Holder*, 643 F.3d 1178, 1182 (9th Cir. 2011).

2. The agency also concluded Wu was not credible because of inconsistencies regarding the amount paid to secure Wu's release from prison. This inconsistency is also supported by the record: in fact, Wu has never been consistent on this amount. The record supports the agency's determination that Wu's explanation for these inconsistencies that he offered during the merits hearing was unpersuasive, not least because it was based, in part, on his new testimony regarding the payment of an additional bribe to Chinese officials, which Wu had never before mentioned. Again, Wu argues that this contradiction is properly considered an omission rather than an inconsistency, but that argument is not supported by the record. Wu further argues that the real reason the IJ found his testimony not credible was because Wu failed to amend his asylum application when given the chance, which cannot support an adverse

3

credibility determination. This argument misreads the IJ's decision, which specifically explained that the inconsistencies supporting the adverse credibility determination were in Wu's statements about the amounts paid to secure Wu's release from prison.[1]

3.    Finally, the agency found that Wu was not eligible for relief under CAT because, considering the adverse credibility determination, Wu failed to establish that he would be subject to torture by or with the acquiescence of a government official if returned to China. Wu argues that, "should [he] be found credible, then he [has] established that he is eligible for relief under CAT." Because substantial evidence supports the agency's adverse credibility determination, this argument fails.

In sum, Wu fails to demonstrate the record compels a conclusion contrary to the one reached by the agency.

**PETITION DENIED.**

---

[1] The IJ also based his credibility determination on an inconsistency about the date Wu was first invited to attend a house church meeting. Because this "conflict in dates" did not result "in a legally significant discrepancy in the evidence," particularly given Wu's consistent reporting of the date he first attended a house church service, it does not support the adverse credibility finding. *Zhi v. Garland*, 751 F.3d 1088, 1092 (9th Cir. 2014).